12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James CHIPMAN, Plaintiff-Appellant,
v.
Raymond TOOMBS; M. Letts; Gerald Green; Isom; Dana
Youngstrom; Unknown ICF Prison Inspector,
Defendants-Appellees.
 No. 93-1284.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1993.
 
 1
 W.D.Mich., No. 91-00771; Benjamin F. Gibson, C.J.
 
 
 2
 W.D.Mich.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: NELSON and BATCHELDER, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 5
 Plaintiff, James Chipman, requests the appointment of counsel on appeal from a district court summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. He has also filed a motion to include designated documents in the joint appendix. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 Plaintiff filed a pro se civil rights complaint against various correctional officials at the Ionia Maximum Correctional Facility (IMCF). His complaint and amended complaint were based on a First Amendment argument that the defendants unconstitutionally prohibited him from receiving a correspondence course through the mail and a Fourteenth Amendment argument that the defendants did not comply with the mail rejection procedures established by the Michigan Department of Corrections (MDOC). He alleged that the classification committee at IMCF told him they would recommend him for release into the general prison population if he enrolled in some type of training program. Plaintiff stated that a prison official gave him a list of correspondence programs sponsored by several colleges and universities. Finding their tuition to be prohibitive, plaintiff then contacted the Southern Career Institute (SCI). Plaintiff received material from SCI in January of 1991; however, because the mail was from a source outside the list of authorized correspondence programs and because the mail could have involved plaintiff entering into a contract for student loans, the material was rejected. Plaintiff sought equitable and monetary relief against the defendants in their individual and official capacities. The district court entered summary judgment for the defendants, and this appeal followed.
 
 
 7
 Upon review, we conclude that summary judgment was proper as there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Defendants' decision prohibiting plaintiff from receiving materials from SCI does not violate plaintiff's First Amendment rights, as the decision is reasonably related to legitimate penological interests. The institution to which plaintiff had applied had not been approved as a vendor of correspondence courses because it used questionable recruiting methods and because the accumulation of student loans by prisoners is inconsistent with prison regulations that limit financial aid to those prisoners who will be released from custody prior to their loans becoming due. Thornburgh v. Abbott, 490 U.S. 401, 413 (1989); Turner v. Safley, 482 U.S. 78, 89 (1987). Furthermore, the record shows that plaintiff waived his right to challenge the rejection.
 
 
 8
 Finally, a review of the complaint and amended complaint reveals that the district court properly addressed all of plaintiff's claims when the court analyzed the First and Fourteenth Amendment issues. Furthermore, plaintiff was not entitled to complete discovery prior to the entry of summary judgment. See Emmons v. McLaughlin, 874 F.2d 351, 356-57 (6th Cir.1989).
 
 
 9
 Accordingly, the request for counsel is denied, the motion to include designated documents in the joint appendix is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, U.S. District Judge for the Northern District of Ohio, sitting by designation